# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

V.

**BRANDON HUDSON**

**CRIMINAL COMPLAINT**

1:17-mj- 01052

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about November 17, 2017, in Marion County, in the Southern District of Indiana, defendant did,

Count 1: possess with intent to distribute a controlled substance, in violation of Title 21 U.S.C. § 841(a)(1).

I further state that I am a special agent, and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

_____
Special Agent, Jon Sacchini, FBI

**Sworn to before me, and subscribed in my presence**

November 17, 2017           at    Indianapolis, Indiana
**Date**

Debra McVicker Lynch, U.S. Magistrate Judge           _____
**Name and Title of Judicial Officer**                              **Signature of Judicial Officer**

# AFFIDAVIT

I, Jon K. Sacchini, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), being duly sworn, hereby depose and state as follows:

1. **Affiant**: I, Jon K. Sacchini, am an investigative or law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

2. I have been employed as a Special Agent of the FBI since July 2014, and have been assigned to the Indianapolis Field Office since graduation from the FBI Academy. While working in the Indianapolis Field Office, I have been assigned to the Gang and Criminal Enterprise Squad, which encompasses the FBI Safe Streets Gang Task Force ("SSTF"). Prior to my employment with the FBI, I was employed as a Highway Patrolman with the Arizona Highway Patrol, Department of Public Safety ("DPS") for over six and a half years.

3. **Information Provided**: The statements in this affidavit are based on my personal observations, my training and experience, my investigation of this matter, and information obtained from other agents and witnesses. Because this affidavit is being submitted for the limited purpose of securing a Criminal Complaint

and Arrest Warrant, I have not included each and every fact known to me concerning this investigation.

4.    **Relief Requested**: I request the Court to issue a Criminal Complaint and Arrest Warrant charging ~~Brandon Hudson~~ [Brandon Hudson] with possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

5.    On November 17, 2017 at approximately 8:30 a.m., the FBI along with the Indiana State Police (ISP), Marion County Sheriff's Office, DEA, ATF and Indianapolis Marion County Police Department executed a federal search warrant at 3254 N. Illinois Street. Upon entry FBI SWAT members located two adult males, an adult female, and three juveniles. The three adults were identified as Brandon HUDSON ("HUDSON"), Curtis HESTER ("C. HESTER"), and Karina ("K. HESTER").

6.    During the search of the premises, two ISP search team members located a large plastic bag containing approximately twenty three (23) individually wrapped smaller baggies, each containing an assortment of ecstasy pills displaying various trademark stamps and colors[1]. The baggie was located in the top middle drawer of a large wooden dresser in the dining room of the house.

7.    Affiant interviewed both K. HESTER and C. HESTER separately in an adjoining room. During the recorded interviews, K. HESTER indicated she worked

---

[1] FBI agents counted each of the 23 bags individually and identified approximately 80 to 99 pills within each bag. The approximate total at the time this affidavit was drafted was approximately 1,850 pills based on the average count per baggie.

full time at a local hospital 3 – 4 days a week, approximately 12 hours a day[2]. K. HESTER indicated that her boyfriend, HUDSON, spent most of the day around the house while she was at work. K. HESTER could not clearly explain what HUDSON did during the day while she was away, but told affiant that he assisted in transporting her kids to and from school as well as other activities. K. HESTER denied any knowledge of the bag of ecstasy pills. C. HESTER explained during his interview that he worked as an auto mechanic and was also gone through the day either outside, or servicing customer's vehicle's at their residences. C. HESTER corroborated K. HESTER's statements that HUDSON spent a lot of his time around 3254 N. Illinois Street most of the day and he was unaware of what HUDSON's activities were during that time. C. HESTER suggested that HUDSON had friends and associates who came by the house that might be involved with drug activity, but he wasn't sure since he was gone from the house all the time. C. HESTER denied any knowledge of the baggie of ecstasy in the dresser drawer in the dining room. C. HESTER indicated that his sister, K. HESTER would no way be involved with any type of drug activity. She worked constantly at the hospital, picked her kids up from school, came home, cooked dinner, and went to bed. C. HESTER said his sister would start the whole process over the next day. C. HESTER would not confirm or deny HUDSON's connection to the ecstasy pills on the dining room.

8. Upon affiant's recorded interview of HUDSON, he immediately told affiant that the bag of ecstasy pills in the drawer in the dining room belonged to him.

---

[2] Karina Hester provided affiant with official direct deposit pay stubs and her employment identification badges as proof of her employment statements.

HUDSON adamantly denied that C. HESTER or K. HESTER knew anything about the pills. HUDSON estimated that there were approximately "500" pills in the bag. HUDSON told affiant that he earned about $600 - $800 dollars a week selling the ecstasy pills. HUDSON told affiant that he had been arrested and felony convicted by Marion County for distributing controlled substance, specifically "two pills." HUDSON explained that the reason he wanted to confess to owning and selling the ecstasy pills was because both K. HESTER and C. HESTER were bother hard working individuals who were not involved in any type of drug related activity.

9. **Conclusion**: Based upon the foregoing, your affiant request this Court to issue an Arrest Warrant and Criminal Complaint charging Brandon Hudson ~~████~~ with possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

_____
Jon K. Sacchini
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me this 17 day of November, 2017.

_____
DEBRA McVICKER LYNCH
United States Magistrate Judge
Southern District of Indiana